**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| VS. | § | **CRIMINAL NO. 1:08-CR-1248** |
| | § | |
| | § | |
| **CARLOS MARTINEZ-TELLO** | § | |

**DEFENDANT'S MOTION FOR DISCLOSURE OF IMPEACHING AND OTHERWISE EXCULPATORY INFORMATION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes, Defendant, **CARLOS MARTINEZ-TELLO**, by his attorney ANTHONY P. TROIANI, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and moves for the entry of an Order directing the government to produce the following documents and information:

**INSTRUCTIONS AND DEFINITIONS**

A. Wherever appropriate in these requests, the singular form of the word shall be interpreted as plural;

B. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside its scope.

C. "Communication" means, without limiting, each statement, question, exclamation, utterance, expression, dialogue, representation, discussion, conversation, understanding or agreement, whether oral, written or recorded, and specifically including every auditory, mechanical, electronic or other method or manner of transmitting or receiving the same;

D.    "Person" means any individual, association, public or private organization or institution, partnership, corporation, government body or other entity and all of his or its present or former officers, agents, employees, and all other persons acting or purporting to act upon his or its behalf;

E.    "Document" includes every writing of every type of description, and every other device or instrument by, through, or on which information has been reported, stored or preserved, including, but not limited to all correspondence, memoranda, notes, statements, telephone records, photographs, motion pictures, drawings, blueprints, graphs, charts, computer cards, computer stored information, tapes, print-outs, and other data compilations, telegraphs, telexes, minutes, agendas, desk calendar entries, pencil jottings, reports, examinations, audits, inspections, investigations, financial statements, checks, receipts, invoices, ledgers, accounts, contracts, governmental statistics, trade group publications or data, professional books and journals and all other writings of any nature.

F.    "Identify" when used in these requests with reference to any document, means that the answer shall contain the following information:

    a)   The title of the document;
    b)   A general description of the subject matter of its content;
    c)   The name of its author;
    d)   The date upon which it was prepared;
    e)   The name, address, and position of the individual who currently maintains possession, custody or control over each document on the dates that these requests are answered.

G.    "Identify" when used in these requests with reference to a person, means that the answer shall contain the following information:

    a)   The person's full name;
    b)   His or her present or last known residence, address and telephone number;
    c)   His or her present or last employer;

       d)       The position she or he now holds or last held with his or her last known employer.

H.    "Identify" when used in these requests with reference to any communication, means that the answers shall contain the following information:

       a)       The identification of the person who made the communication, according to instructions contained in G., above;
       b)       The identification of the person who received the communication, according to the instructions contained in G., above;
       c)       If the communication was oral, the date and place of the making and receiving of the communication;
       d)       The identification of each document which relates to the communication, according to the instructions contained in F., above.

I.    "Describe" when used in these requests with reference to an act means that the answer shall contain the following information:

       a)       The date on which the act occurred or took place;
       b)       The identification of the person who committed or performed the act, according to the instructions contained in G., above;
       c)       The identification of the person who witnessed or observed the act, according to the instructions contained in G., above;
       d)       The identification of each document which relates to the act according to the instructions contained in F., above;
       e)       A statement of the nature of the act, including any physical movements and the purpose of the act;
       f)       The identification of each communication which relates to the act, according to the instructions contained in H., above.

J.    "Prosecution" when used in these requests refers to the Office of the United States Attorney of the Southern District of Texas, all investigative agencies of the United States, the FBI, the Internal Revenue Service, the United States Bureau of Prisons, the United States Parole Commission, and all local law enforcement personnel who aided in the investigation. Walker v. Lockhart, 763 F.2d 942 (8th Cir. 1985); United States v. Morell, 524 F. 2d 550 (2d Cir. 1985); United States v. Bryant, 439 F.2d 642 (D.C. Cir. 1971).

K.  "Control" refers to all information within the actual or constructive possession or custody of the prosecution including but not limited to information contained in public records, Anderson v. South Carolina, 709 F.2d 887, 888 (4th Cir. 1983) (per curiam), information contained in the prosecutor's notes of witness interviews. Goldberg v. United States, 425 U.S. 101 (1976), information contained in the investigative reports, United States v. Dekle, 768 F.2d 1257, 1263 (llth Cir. 1985), information contained in pre-sentence reports, United States v. McKinney, 758 F.2d 1036, 1048 (5th Cir. 1984), and to all information which the prosecution could discover with the exercise of due diligence and all information of which the prosecution has actual knowledge although not in its actual or constructive possession. United States v. Auten, 632 F.2d 478 (5th Cir. 1980); United States v. Roberts, 338 F.2d 640, 645 (2d Cir. 1968; Moore's Federal Practice: Criminal 2d, 16.06(1).

L.  In lieu of identifying any document, Plaintiff may produce copies.

These requests apply to the following potential prosecution witnesses and any other witnesses who the prosecution is considering calling at trial or who have information which falls within the parameters of the requests: any Government informant, all Co-Defendants, and all law enforcement personnel with information about the investigation of this case.

## REQUESTS

Each request is to be answered by the prosecution in writing, by referring to all documents and communications within its control, or which it can obtain with due diligence, and all facts known to the prosecution or which it can obtain with due diligence. United States v. Auten, supra at 481.

1.  Identify each communication of a witness which is inconsistent with any other

communication of that witness, any other witness, or any other evidence. Mesarosh v. United States, 352 U.S. 1(1956); United States v. Clairborne, 765 F. 2d 784, 802-804 (9th Cir. 1985); Johnson v. Brewer, 521 F. 2d 556 (8th Cir. 1975).

    2.    Describe each act and identify each communication of a witness which relates to any hostility of that witness to Defendant. United States v. Sperling, 726 F.2d 69 (2d Cir. 1984).

    3.    Identify each communication and document which relates to a witness's use of alcohol or drugs or other psychological or psychiatric disease or condition. King v. Ponte, 717 F.2d 635 (1st Cir. 4983); United States v. Lindstrom. 698 F. 2d (llth Cir. 1983).

    4.    Identify each communication which relates to any formal or informal promise to reward any witness for his or her testimony. United States v. Bagley, 105 S.Ct. 3374 (1985), Brown v. Wainwright, 785 F.2d 1457, 1464 (llth Cir. 1980); United States v. Mayer, 556 F.2d 245 (5th Cir. 1977).

    5.    Identify each communication by which the prosecution has given any advice to any witness relating to future prosecutions for past criminal acts, with particular reference but although not limited to any Government informant. Haber v. Wainwright, 756 F.2d 15, 20 (llth Cir. 1985).

    6.    Identify any communication relating to any formal or informal, direct or indirect, promise to a witness for leniency, favorable treatment or recommendation or other assistance with respect to any pending or potential criminal, civil, Tax Court, Court of Claims, administrative or Internal Revenue Service dispute, with any governmental authority of the United States or with any foreign state, county, or local government authority. Ruiz v. Cady, 710 F. 2d 1214 (7th Cir. 1983); United States v. Wolfson, 437 F.2d

862 (2d Cir. 1970); <u>United States v. Parness</u>, 408 F. Supp. (S.D.N.Y. 1975).

  7. Identify each communication relating to each potential liability listed in Paragraph 6, above, of which the prosecution is aware but for which the prosecution has made no formal or informal, direct or indirect promise. <u>United States v. Shaffer</u>. 789 F. 2d 682, 688 (9th Cir. 1986).

  8. Identify each witness who is on parole, probation, or who is eligible for clemency or pardon. <u>Davis v. Alaska</u>, 415 U.S. 308 (1974).

  9. Describe each prior criminal conviction or pending criminal proceeding relating to each witness. <u>United States v. Montes-Cardenas</u>, 746 F.2d 771 tllth Cir. 1984); <u>United States v. Leichtfuss</u> 331 F. Supp. 723 (N.D. Ill. 1971). ;f

  10. Describe absolutely anything of value, whether bargained for or not, or which arguably could be considered of value or use to a witness or to persons of concern to a witness which each witness has received, including, but not limited to any payments of money, rewards or fees, witness fees, special witness fees, provisions of food, clothing, shelter, transportation, legal services, living expenses, or placement in a witness protection program. <u>United States v. Riskin</u>, 788 F.2d 1361, 1375 (8th Cir. 1986): <u>United States v. Librach</u>, 520 F.2d 550 (8th Cir. 1975); <u>Wheeler v. United States</u>, 357 F. 2d 946 (1st Cir. 1965).

  11. Identify each document and communication which relates to any type of informant status of each witness. <u>United States v. Disston</u>, 582 f.2d 1108 (7th Cir. 1978).

  12. Identify each communication and document by which a witness was made aware of any potential or possible consequences of a decision not to cooperate with the prosecution or not to testify. <u>United States v. Sutton</u>, 542 F. 2d 1239 (4th Cir. 1976).

13. Identify each document and communication relating to polygraph examinations of each witness. <u>United States v. Greichunous</u>, 572 S. Supp. 220 (N.D. Ill. 1982).

14. Identify each occasion on which any witness has testified before any court, grand jury, or other tribunal or other body or has otherwise officially narrated the facts relating to this investigation relating to the Defendant.

15. Identify the existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator or expert has testified before any court, grand jury, or other tribunal or body.

16. Identify each person known to the prosecution, as shown by its files, who has some knowledge about this investigation or indictment, but who will not be called to testify, and identify each communication and document relating to such person.

17. Describe each prior act of misconduct by each witness. <u>Giglio v. United States, supra.</u>

18. Disclose any Bureau of Prisons files on any Government informant. <u>United States v. Cadet</u>, 727 F.2d 1453, 1467 (9th Cir. 1584) (requiring disclosure of that portion of personnel files of three FBI agents that may be exculpatory or material to the defense); <u>United States v. Garrett</u>, 542 F.2d 23 (6th Cir. 1976); <u>United States v. Deutsch</u>, 475 F.2d 55 (5th Cir. 1973); <u>United States v. Austin</u>, 492 F. Supp. 502 (N.D. I11. 1980) (all requiring disclosure of witness personnel files).

19. Disclose any United States Parole Commission files on any Government informant. <u>Id</u>.

20. Disclose all tape-recorded or written statements, including statements

embodied in FBI 302 Reports which tend to show the nature and extent of the involvement of any Government informant in the alleged offense.

21. Describe and disclose the informant files for any Government informant. <u>See</u> cases cited at 19, <u>supra.</u>

22. Identify and disclose all tape-recorded conversations between any Government informant and any law enforcement agency, which relates to this case, and indicate the nature of their involvement or the directions given to them from the Government.

23. Identify and disclose all written material given to the prosecution by employees of the United States Government which discusses the role of any government informant in this case in any way.

## THE FOREGOING SHOULD BE ANSWERED IMMEDIATELY

In order to avoid a denial of the Defendant's right to due process, Defendant must be given the requested information prior to trial in order to effectively use the information. Due process requires that all exculpatory and impeaching information be made available well before the trial. <u>United States v. Augurs</u>, 427 U.S. 97, 110-11 (1976); <u>United States v. Peters</u>, 732 F.2d 1004, 1009 (1st Cir. 1984); <u>Grant v. Alldredae</u>, 498 F.2d 378, 381 ~ n.5 (2d Cir. 1974); <u>United States v. Deutsch </u>1, 373 F. Supp. 289, 290 (S.D.N.Y. 1974). See also <u>Blake v. Kemn</u>, 758 F.2d 523, 532 & n. 10 (llth Cir. 1985).

Defendant further requests that the Government be ordered to inform this court of any of the above-requested material that the Government refuses to disclose and that this Court review such material <u>in camera</u>. <u>United States v. Cadet, supra</u> at 1467 (FBI agents' personnel files); <u>United States v. DuPruy</u>, 760 f.2d 1492 (9th Cir. 1985) (Prosecutor's

Case 1:08-cr-01248   Document 40   Filed on 09/18/09 in TXSD   Page 9 of 10

confidential notes of negotiations with codefendants for plea agreements); United States v. Anderson, 724 F.2d 596 (7th cir. 1984) (witness' presentence report); United States v. Gaston, 608 F.2d 607 (5th Cir. 1979) (FBI reports of witness interviews).

**WHEREFORE**, Defendant requests that this court enter an Order compelling the prosecution to comply with the aforementioned requests immediately. Defendant further requests that this Court enter an Order requiring the Government to produce any additional information coming within the scope of these requests immediately upon its discovery of such information.

Respectfully submitted,

__/s/ Anthony P. Troiani___
Anthony P. Troiani
State Bar No.: 00795914
Federal I.D.: 20607
ANTHONY P. TROIANI, P.C.
700 Paredes Avenue, Ste. 107
Brownsville, Texas 78521
Telephone (956) 541-4235
Telefax (956) 541-9174

**CERTIFICATE OF SERVICE**

I, Anthony P. Troiani, hereby certify that on the 18th day of September, 2009, a true and correct copy of the foregoing motion was served on the following:

**VIA Electronic Filing**
Mr. Oscar Ponce
U.S. Attorney=s Office
600 E. Harrison, Suite 201
Brownsville, Texas 78520

__/s/ Anthony P. Troiani__

Anthony P. Troiani