**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ' | |
| | ' | |
| **VS.** | ' | **CRIMINAL NO. 1:08-CR-1248** |
| | ' | |
| | ' | |
| **CARLOS MARTINEZ-TELLO** | ' | |

## MOTION FOR DISCOVERY AND INSPECTION

The defendant, **CARLOS MARTINEZ-TELLO**, moves this Honorable Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution to order the Government to produce and permit the defendant to inspect, copy or photograph each of the following items of evidence which through due diligence may become known to the government or its agents:

I.

Pursuant to the Local Rules of the Southern District of Texas, defense counsel has engaged in informal discovery with the government. The Government has assured defense counsel that they will comply with the requirements of Federal Rule of Criminal Procedure 16 and the United States Constitution.

II.

1

**CARLOS MARTINEZ-TELLO** is charged by indictment on two (2) counts for intentionally conspiring and intentionally possessing with intent to distribute a quantity more than five (5) kilograms of cocaine, a Schedule II controlled substance. In violation to Title 21, United State Code, Sections 846, 841 (a)(1) and 841 (b)(1) and 841 (b)(1)(B) Title 21, United State Code, Section 2.

III.

**CARLOS MARTINEZ-TELLO ,** requests immediate notice and production of any and all statements made by him, whether they be written, oral or recorded, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government. Fed. R. Crim. P. 16(a) (1) (A).

IV.

The government has indicated that the defendant, **CARLOS MARTINEZ-TELLO,** has a criminal record.  The defendant requests immediate notice and production of criminal records, pertaining to Defendant. Fed. R. Crim. P. 16(a)(1)(C).

V.

The defendant requests immediate notice and production of all physical and tangible evidence intended for use by the government in its case-in-chief, and evidence that is material to the preparation of the defense, Fed. R. Crim. P. 16(a)(1)(D).  While the defendant has not limited his request, he specifically asks to inspect:

A.  any and all names, aliases, identifications papers or documents indicating names of aliases allegedly used by Defendant;

B.  any documents or other tangible evidence seized from the defendants when he was arrested;

C.  any passports, visas, airline tickets or other documents showing travel or flight by the defendant;

VI.

The defendant requests immediate notice and an opportunity to inspect the reports and results of any physical examinations or scientific tests or experiments conducted by the government or its agents, including, but not limited to, negative test results, chemical, fingerprint, and handwriting analysis, Fed. R. Crim. P. 16(a)(1)(D).

VII.

The defendant requests the production of a written summary containing the opinions, the basis for the opinions and the qualifications of any and all expert witnesses including by not limited to law enforcement agents/witnesses who may offer expert opinion, or to a summary witness testifying pursuant to Rule 16, Federal Rules of Evidence.

Pursuant to Rule 16(a)(1)(E), the defendant requests production of witnesses opinion summaries within a reasonable time prior to trial.

VIII.

The requests:  (1) that the government disclose the existence of any and all

3

conversations of the defendant, which were recorded by video or audiotape or by any other means by the government agents or informants during the investigation and detection of this alleged offense, (2) that it inform the defendant of the time, place, contents and means of recording these conversations, and (3) that the complete recordings and transcripts thereof be made available to defense counsel immediately so that counsel may determine whether any of these conversations are admissible against **CARLOS MARTINEZ-TELLO** pursuant to Fed. R. Evid. 801(d)(2)(E). See Fed. R.Crim.P. 16(a)(1)(C).

IX.

The defendant requests advance notice of any evidence of extrinsic acts by defendant, which the government plans to introduce pursuant to Federal Rule of Evidence 404(b). Advance notice is necessary to enable him to prepare adequate cross-examination and rebuttal. United States v. Baum, 482 F.2d 1325, 1332 (2d Cir. 1973).

X.

The defendant requests a copy of all original notes and memoranda (whether handwritten or otherwise) that may have been made by an investigative agent in this case, including any person who may have been acting in an informer or undercover capacity. If such notes and memoranda were once in existence but have now been destroyed, the purpose and exact information surrounding their destruction should be furnished in complete detail.

XI.

4

The defendant requests disclosure whether any government agent, informer, or anyone else acting at the direction or on behalf of the government, has talked with or communicated with the defendant since the commencement of adversarial proceedings against **CARLOS MARTINEZ-TELLO** If so, the defendant requests identification of such individual(s) and disclosure of the surrounding circumstances.  See United States v. Henry, 447 U.S. 264 (1980).

XII.

The defendant requests disclosure of any and all witness statements at last twenty-four hours before the witness testifies at trial to enable him/her to conduct an adequate cross-examination of the witnesses at trial.  This request includes, but is not limited to: Prior testimony including but not limited to grand jury testimony, prior written statements, the witness=s reports, reports of prior oral statements, and the witness=s notes.

XIII.

The defendant requests production of any and all evidence in the possession of the government or its agents, which would tend to exculpate the defendant, Brady v. Maryland, 373 U.S. 83 (1963), or which would impeach the government witnesses, Giglio v. United States, 405 U.S. 150 (1972).  This specifically includes, but is not limited to:

(a)   any witness statements or other evidence that suggests that the defendant has not been previously denied admission, excluded, deported and removed from the United States of America;

(b) any and all records and information revealing prior convictions or guilty verdicts or juvenile adjudications in the United Sates or in foreign jurisdictions attributed to each witness called by the government, including but not limited to relevant Arap sheets@, and/or judgment and commitment orders, pursuant to East v. Scott, 55 F.3d 996 (5th Cir. 1995) (prosecution required to conduct investigation of witnesses, criminal backgrounds);

(c) any and all records and information revealing prior misconduct or bad acts attributed to the witness, particularly those which may be admissible under Fed. R. Evid. 608(b) to impeach the witness= truthfulness;

(d) the immigration status of any witness or informant who is not a United States citizen;

(e) any fees, payment of expense and/or other material rewards given or offered to any government witness or informant;

(f) any and all considerations or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness. By Aconsideration@ defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect, leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, immigration, administrative or other dispute with the government or with any other

6

      authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a Awitness protection programs;@ informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color testimony;

(g)    any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness; any criminal prosecutions, investigations, or potential criminal prosecutions which could be brought against the witness; and probationary, parole, deferred government or custodial status of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government or over which the government has real, apparent or perceived influence;

(h)    the existence and identification of each occasion on which each witness who was or is an informer, accomplice, or expert, has testified before any court, grand jury, or other tribunal or body;

(I)    any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution=s evidence or which arguably could lead to such records or

information. This request specifically includes information as to the witness= psychiatric history or Abasic mental trouble@ the use of Alie detectors@ and the results; the witness= use of narcotic or other drugs; and any occasions when the witness may gave identified someone other than the defendant as the perpetrator of the alleged crime, failed to identify the defendant as the perpetrator, or failed to make any identification whatsoever.

(j)   Any and all record and information showing any work defendant has done for any law enforcement agency or agencies.

### XIV.

The defendant requests production of co-conspirator and co-defendant statements pursuant to Rule 16(a). See U.S. v. Walker, 922 F. Supp. 732, 742-43 (N.D.N.Y. 1996). Pursuant to Fed. R. Evid. 104, the defendant requests a pretrial hearing outside the presence of the jury to determine whether the government can make a sufficient showing that this evidence is admissible under the co-conspirator hearsay exception. See Bourjaily v. U.S., 171, 175 (1987). This request is made to determine the admissibility of the statements against the defendant.

### XV.

The defendant requests that the following information be made immediately available for copy and inspection.

(a)   the name of any victim, the extent of injury and a description of how the

      injury occurred.

(b)    whether the victim was (1) vulnerable, <u>see Federal Sentencing Guidelines</u> Sec.3A1.1 (Nov.1, 1987), (2) an official victim, <u>id</u>. at Sec.3A1.2, and/or (3) whether any victim was restrained, <u>id</u>. at Sec.3A1.3;

(c)    the defendant=s role in the offense, i.e. whether it was (1) aggravating, and to what extent, <u>id</u> at Sec. 3B1.1, (2) whether there are any mitigating factors, <u>id</u> at Sec. 3B1.2 and (3) whether the defendant abused a position of trust or used special skill; <u>id</u>. at Sec.3B1.3;

(d)    Whether the defendant obstructed or impeded the proceedings and how, <u>id</u>. at Sec.3C1.1;

(e)    whether the defendant has accepted responsibility for his offense;

(f)    whether the defendant has provided "A substantial assistance" to the authorities;

(g)    whether the defendant acted under duress or coercion not rising to a complete defense; and

(h)    whether there are any reasons for a departure from the Sentencing Guidelines promulgated in October, 1987.

XVI.

The defendant would further show the Court that all of the above items requested are within the exclusive control of the federal government, or other agencies acting in

conjunction with the federal government, as the defendant and his counsel, have no executive power, the materials requested herein are unavailable to the defendant.

WHEREFORE, PREMISES CONSIDERED, the defendant, **CARLOS MARTINEZ-TELLO** prays that this Honorable Court order the United States Attorney to produce the above-mentioned evidence to the defendant=s counsel for copy and inspection.

                                      Respectfully submitted,

                                      __/s/ Anthony P. Troiani___
                                      Anthony P. Troiani
                                      State Bar No.: 00795914
                                      Federal I.D.: 20607
                                      ANTHONY P. TROIANI, P.C.
                                      700 Paredes Avenue, Ste. 107
                                      Brownsville, Texas 78521
                                      Telephone (956) 541-4235
                                      Telefax (956) 541-9174

## **CERTIFICATE OF SERVICE**

I, Anthony Troiani, hereby certify that on the 18th day of September, 2009 a true and correct copy of the foregoing motion was served on the following:

**VIA Electronic Filing**
Mr. Oscar Ponce
U.S. Attorney=s Office
600 E. Harrison, Suite 201
Brownsville, Texas 78520

                                      __/s/ Anthony P. Troiani__
                                      Anthony P. Troiani