UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ' | |
| | ' | |
| **VS.** | ' | **CRIMINAL NO. 1:08-CR-1248** |
| | ' | |
| | ' | |
| **CARLOS MARTINEZ-TELLO** | ' | |

**MOTION IN LIMINE ["OTHER CRIMES" AND UNCHARGED MISCONDUCT]**
**(RULE 103, 104, 403, 404(b) and 609, F.R.Ev.)**

**TO THE HONORABLE JUDGE OF SAID COURT**:

Now comes the Defendant, **CARLOS MARTINEZ-TELLO,** by and through his attorney of Record, and moves this Honorable Court before trial in Limine pursuant to Rules 103 and 104 of the Federal Rules of Evidence for an Order instructing the Attorney for the Government, his representatives and witnesses to refrain from making any direct or in direct reference whatsoever, at trial before the jury of any other extraneous crimes or misconduct by the accused or other defense witnesses other than those specifically set out in the Indictment presented in the above entitled and numbered cause or any crimes or misconduct until a hearing has been held outside the presence of the jury to determine the following:

    1.    Whether Defendant or witnesses were formally charged and convicted within the past ten (10) years of said criminal conduct and said conviction carried a maximum

1

punishment of more than one (1) year or said criminal offense involved dishonesty or false statements and would be admissible for impeachment purposes pursuant to Rule 609 of the Federal Rules of Evidence.

    2.    If no conviction and not offered for impeachment purposes, then whether said "other crimes" or misconduct fits one of the exceptions to the general rule excluding such evidence tending to prove general character pursuant to Rule 404(b), Federal Rules of Criminal Procedure, and then only in rebuttal.

    3. Even if said "other crimes" were to constitute one of the Rule 404(b) exceptions, whether its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or is misleading, unnecessary or cumulative pursuant to Rule 403, F.R.Ev.

    4.    And as grounds therefore, the Defendant would respectfully show unto this Honorable Court the following:

    a.    That the Defendant may wish to take the stand and testify on his own behalf in said cause and may call witnesses on him behalf.

    b.    That should the Attorney for the Government, his representative, or his witness be allowed to introduce evidence, make reference to, cross-examine the Defendant or defense witnesses with respect to, or otherwise leave the jury with an impression with respect to extraneous crimes or misconduct by the accused or him witnesses other than those specifically set out in the Indictment presented herein the same

would allow the Attorney for the Government to place before the jury the fact that the Defendant or other defense witnesses may have contributed other offenses than the one for which they are on trial herein, which are remote in time and which are not relevant to the question of the Defendant's or other defense witnesses' truthfulness and veracity, and would further allow the Attorney for the Government to place before the jury other crimes which do not constitute an exception to the rule against such general character evidence or which is prejudicial or not needed by the Government in their case in chief or which is immaterial and unnecessary to the disposition of this case.

  c. That an ordinary objection during the course of trial even sustained with proper instructions to the jury will not remove such effect in view of its highly prejudicial content.

  WHEREFORE, the Defendant prays that this Honorable Court order and instruct the Attorney for the Government, his representatives and his witnesses not to elicit or give testimony respecting, allude to, cross-examine respecting, mention, or refer to any misconduct or alleged violations of the law, and to instruct the Attorney for the Government, his representatives and witnesses not to elicit or give any testimony respecting, cross-examine respecting, mention or refer to any prior convictions in the presence and hearing of the jury until a hearing has been held outside the presence of the jury and before this Honorable Court to determine the above set out relevant factors.

Respectfully submitted,


__*/s/ Anthony P. Troiani*___
Anthony P. Troiani
State Bar No.: 00795914
Federal I.D.: 20607
ANTHONY P. TROIANI, P.C.
700 Paredes Avenue, Ste. 107
Brownsville, Texas 78521
Telephone (956) 541-4235
Telefax (956) 541-9174

## CERTIFICATE OF SERVICE

I, Anthony P. Troiani, hereby certify that on the 18th day of September, 2009, a true and correct copy of the foregoing motion was served on the following:


**VIA Electronic Filing**
Mr. Oscar Ponce
U.S. Attorney's Office
600 E. Harrison, Suite 201
Brownsville, Texas  78520


__*/s/ Anthony P. Troiani*___
ANTHONY P. TROIANI

4