## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ' |
| | ' |
| **VS.** | '   **CRIMINAL NO. 1:08-CR-1248** |
| | ' |
| **CARLOS MARTINEZ-TELLO** | ' |

### MOTION TO INSPECT AND WEIGH MARIHUANA

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes, **CARLOS MARTINEZ-TELLO**, Defendant in the above styled and numbered cause, by and through his Attorney, Anthony P. Troiani hereby makes and files this her Motion to Inspect and Weigh the Controlled Substance (marihuana) and by way of this Motion Defendant would show unto this Court:

1. This information is necessary for the proper defense of the case, it is relevant information of which the jury should be aware and without said information Defendant would be denied her rights under the Constitution of the United States.

2. The information requested is necessary to ensure the indictment is correct and that the Defendant receives the appropriate sentence.

3. The government must permit the defendant to inspect and copy results or reports of physical or mental examinations, as well as results or reports of any scientific test or experiments, which are within the possession, custody, or control of the government and which are (1) material to the preparation of the defense, or (2) to be used by the government during its case-in-chief.

Fed.R.Crim. P. 16(a)(1)(c). The key factor to be considered in resolving the above questions is whether the evidence was "crucial to a determination of the guilt or innocence of the accused", *United States v. Hildebrand*, 506 F.2d 406, 409 (5th Cir. 1973).

Failure by the court to allow the weighing and inspection of the narcotics in the government's control would offend Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure, the due process clause of the Fifth Amendment and the confrontation clause of the Sixth Amendment.  This information is clearly discoverable under the specific terms of Rule 16(a)(1)(C).  A defendant has the right to inspect and copy results or reports of examinations made by the government of controlled substances. *United States v. Gordon,* 580 F2d 827, 837 (5th Cir. 1978), *cert. denied,* 439 U.S. 1051 (1978). Fed. R. Crim. P. 16(a)(1)(c) provides:

> Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

The weight of the drugs is disputed by the defendant.  The Marihuana is in the possession of the government, it is material to the defense of the Defendant, and will no doubt be used in the government's case in chief.  Therefore, the government is compelled to produce the narcotics, allow inspection and weighing of the drugs.

WHEREFORE PREMISED CONSIDERED, Defendant would pray that said Motion to Inspect and Weigh the Controlled Substance (marihuana) be in all things granted.

        Respectfully submitted,

        __/s/ Anthony P. Troiani____
        Anthony P. Troiani
        State Bar No.: 00795914
        Federal I.D.: 20607
        ANTHONY P. TROIANI, P.C.
        700 Paredes Avenue, Ste. 107
        Brownsville, Texas 78521
        Telephone (956) 541-4235
        Telefax (956) 541-9174

## CERTIFICATE OF SERVICE

I, Anthony P. Troiani, hereby certify that on the 18th day of September, 2009, a true and correct copy of the foregoing motion was served on the following:

**VIA Electronic Filing**
Mr. Oscar Ponce
U.S. Attorney's Office
600 E. Harrison, Suite 201
Brownsville, Texas  78520

        __/s/ Anthony P. Troiani____
        Anthony P. Troiani